YATES, Presiding Judge.
Jerry R. Key sued his, employer, Drum-mond Company, Inc., on November 21, 1995, seeking to recover workers’ compensation benefits for injuries he sustained to his back in March 1994 and to his right knee in June 1995, during the course of his employment with Drummond. Following a proceeding at which evidence was presented ore tenus, the trial court, on November 1, 2000, entered an order finding that Key had suffered injuries to his back and knee during the course of his employment with Drummond and had sustained a permanent partial disability of 35% as a result of his injuries; it awarded benefits accordingly-
Key was employed by Drummond as a supervisor at its Shoal Creek mine. Key testified that in March 1994 he was walking down a steep incline in the Shoal Creek mine; the incline was wet and muddy and he slipped and fell. Key began experiencing pain in his lower back. Dr. Robert Q. Craddock diagnosed Key with a herniated disc at the L4-5 level on the right side. Dr. Craddock performed surgery on Key on April 21, 1994, to repair the herniated disc. Dr. Craddock determined that Key had reached maximum medical improvement on June 28, 1994, and released him to return to his full and usual duties with Drummond. Dr. Crad-dock assigned Key a permanent partial impairment rating of 10% at that time.
Key testified that in June 1995 he was again walking down a steep incline in the Shoal Creek mine that was wet and muddy. Key stated that as he was walking he slipped and fell and twisted his right knee. Key testified that he had immediate pain in his knee. Dr. Erich W. Wouters exam *58 ined Key on June 8, 1995. Dr. Wouters noted that Key had tenderness, swelling, and a limited range of motion in his knee. Dr. Wouters performed arthroscopic surgery on Key’s knee on July 6, 1995. Dr. Wouters noted that Key had primarily arthritic problems with his knee as well as several pieces of loose cartilage in the knee. Dr. Wouters determined on July 28, 1995, that Key had reached maximum medical improvement and returned him to work at Drummond with no restrictions.
Drummond argues on appeal, among other things, that the trial court erred in failing to treat Key’s knee injury as an injury to a scheduled member. Key has alleged an injury to his knee, a scheduled member. Permanent partial benefits based on injuries to a scheduled member must be computed in accordance with the provisions of § 25-5-57(a)(3)a., Ala.Code 1975. However, an injury to a scheduled member may fall outside the provisions of § 25-5-57(a)(3)a., Ala.Code 1975, in some instances. Our supreme court has set forth the following test to determine when an injury to a scheduled member falls outside the scheduled member provisions:
“[Ajlthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen’s Compensation Law to the amount allowed under the schedule for injury to the one member.”
Bell v. Driskill, 282 Ala. 640, 646, 213 So.2d 806, 811 (1968).
The trial court concluded that the injuries Key suffered during the course of his employment with Drummond combined to render him 35% permanently partially disabled. This court, however, cannot discern from the trial court’s order whether it treated the knee injury as an' injury to a scheduled member or whether it concluded that the knee injury fell outside the scope of the scheduled member provisions pursuant to Bell. Therefore, this court must reverse the judgment of the trial court and remand the case for that court to make a finding as to whether the knee injury falls outside the scheduled member provision of § 25-5-57(a)(3)a., Ala.Code 1975. See Labinal, Inc./Globe Motors v. Alphord, 767 So.2d 362 (Ala.Civ.App.2000).
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY and PITTMAN, JJ., concur.
THOMPSON and MURDOCK, JJ., dissent.